## WILLIAM M. HATSTAT *vs.* SYLVANUS PACKARD.

The recovery of a judgment, by the lessor against the lessee, for possession of the premises leased, puts an end to the right of one occupying a portion of the same under the lessee, by his verbal permission.

THIS was an action of trespass *quare clausum fregit*, the writ containing also a count for an assault; and was tried in this court, before *Fletcher*, J., by whom it was reported in substance as follows:

The premises in question, being part of a store on Commercial Street, were owned by the defendant, who, on the 1st of January, 1846, demised the store to one Gates, for five years, by an indenture containing a covenant, on the part of the lessee, not to underlet without the consent of the lessor in writing. Gates, afterwards, without such consent, underlet the lower floor and cellar of the premises, by a lease containing a similar covenant, to one Eldredge, from whom, by successive assignments, it came to William M. Hatstat and Company. Gates occupied the residue of the premises until dispossessed thereof in the manner hereinafter mentioned. Hatstat and Company transferred their lease to one Staniels, who was in the possession of the store at the time of the alleged trespass, and gave the plaintiff a verbal permission to remain in the cellar, paying rent to him therefor.

The defendant gave in evidence a certified copy of a judgment of the justices' court for this county, rendered in his favor, on the 19th of January, 1848, against said Gates and Staniels, and one Knight, for possession of the store leased by him to Gates. Under the execution issued on this judgment, an officer took possession of the premises, delivered the same to the defendant, and on the 25th of January, 1848, returned his doings on the execution. The officer also notified the plaintiff that he must remove forthwith, or he would be put out.

The plaintiff's property was removed from the cellar, on the 29th of January, 1848, in the night time, and in the absence of all persons from the store, and when he came there on the morning of the 30th, he found the cellar door barred against

21 *

him, and attempted to break in with a hammer, but was restrained by Gates and a policeman, who used no more force than was necessary for the purpose.   The acts done in removing the plaintiff's goods, and in preventing him from breaking into the premises, were done by the orders and under the direction of the defendant.

Upon this evidence, the presiding judge ruled, that the plaintiff could not maintain trespass *quare clausum;* and that as it appeared, that no more force was used than was necessary to prevent the plaintiff from breaking the door, the defendant was entitled to a verdict, on the count for an assault.   The jury thereupon returned a verdict on both counts for the defendant. If the ruling was wrong, the verdict was to be set aside and a new trial granted; otherwise judgment was to be rendered on the verdict.

*C. M. Ellis*, for the plaintiff.

*P. W. Chandler*, for the defendant.

FLETCHER, J.   Packard, the defendant, took peaceable possession of the cellar of a building, of which he was himself the lawful owner.   For thus taking peaceable possession of his own premises, Hatstat brings this action of trespass *quare clausum fregit* against him.   But what right had Hatstat? The case finds, that Staniels gave Hatstat a verbal permission to remain in the cellar, Hatstat paying the rent therefor to him.   Hatstat, therefore, had just such right, as the verbal permission of Staniels to him to stay there could give, and no more.   He could have no better right than Staniels had. What right then had Staniels there?   Clearly no right at all. Packard had obtained a judgment and writ of possession against Staniels, and by virtue of this process, had put Staniels out, and put an end to all his right, and, of course, an end to all Hatstat's right of possession.   It was said by the counsel, at the argument, that the ruling of the judge at the trial, that the action could not be maintained, deprived the plaintiff of the opportunity of showing that the judgment, recovered by the defendant against Staniels and others, was fraudulent and void.   But Hatstat was no party to that judgment, and the judgment was not used against him, but against Staniels, and

it was no doubt a good judgment against Staniels, who did not question its validity. It was not for Hatstat to impeach a judgment against Staniels, which Staniels himself did not impeach, and to which Hatstat was no party. Hatstat, hav ing no legal right to the premises in question, could not main tain an action of trespass *quare clausum.* The count for an assault cannot be maintained, as nothing was done but to prevent Hatstat from committing an unlawful act of violence upon the property of the defendant, and to protect the defend ant in the rightful possession of his own property.

*Judgment on the verdict.*